PEOPLE v. HARRIS.

1. ATTORNEY AND CLIENT—PRIVILEGE.
   The attorney-client privilege is limited to those communications which the client expressly made confidential or which he could reasonably assume under the circumstances would be understood by the attorney as so intended.

2. SAME—PRIVILEGE—CONFIDENTIAL COMMUNICATION.
   Attorney-client privilege does not apply to a communication made by employee to attorney for corporate employer when attorney made it clear to employee that any statement made by employee to attorney would have to be disclosed to board of directors of employer.

3. CRIMINAL LAW—EMBEZZLEMENT—ATTORNEY-CLIENT PRIVILEGE—TESTIMONY OF ATTORNEY.
   Admission of testimony of attorney for board of directors of corporate employer as to exculpatory statement made to him by employee charged with embezzlement from employer, held, not error, where attorney testified that he warned employee before statement was made that he would have to disclose it to the board (CLS 1961, § 750.174).

Appeal from Oakland; Moore (Arthur E.), J. Submitted Division 2 December 9, 1966, at Lansing. (Docket No. 967.) Decided April 13, 1967. Rehearing denied June 5, 1967. Leave to appeal denied by Supreme Court August 1, 1967.

Reuben Harris, Jr., was convicted of embezzlement. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses §§ 460, 464, 473, 483, 486.
[2, 3] 58 Am Jur, Witnesses § 498.
   Persons other than client or attorney affected by, or included within, attorney-client privilege. 96 ALR2d 125.
   Right of corporation to assert attorney-client privilege. 98 ALR2d 241.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *S. Jerome Bronson*, Prosecuting Attorney, and *Thomas G. Plunkett*, Chief Assistant Prosecuting Attorney, for the people.

*Henry Heading*, for defendant.

J. H. GILLIS, J. Defendant Reuben Harris, Jr., was convicted in a jury trial of embezzling* approximately $10,000 from his employer, Oakdale, Resident Co-Op Housing, Inc. Defendant contended that the money was stolen from his automobile while he was in a store on corporate business.

The sole issue raised on appeal is whether an attorney-client relationship existed between the defendant and Attorney Sydney Barnes, which relationship, if found to exist, would have precluded the attorney from testifying to an exculpatory statement made by defendant.

At trial, in the absence of the jury, defense counsel contended that the defendant was a bailee or agent of Oakdale Resident Co-Op Housing, Inc.; that Sydney Barnes was the attorney for the corporation; and that, therefore, Mr. Barnes in effect was the attorney for the defendant.

The court asked Mr. Barnes if he had ever represented the defendant on personal matters, and received the reply:

"I don't think I represented him in that capacity. I always referred him to an attorney when it came to the point where he needed this kind of representation. I did caution him before he made the statement to me that any statement he would make I would have to disclose to the board."

---

* CLS 1961, § 750.174 (Stat Ann 1962 Rev § 28.371).

At the conclusion of this testimony, the trial court allowed Mr. Barnes to testify.

"It is of the essence of the privilege that it is limited to those communications as to which the client either expressly made confidential or which he could reasonably assume under the circumstances would be understood by the attorney as so intended." McCormick, Evidence, § 95, p 190.

The communication in this case was not made in confidence. On the contrary, defendant was specifically informed that any information he divulged would not be kept confidential. Under these circumstances, defendant can not claim the existence of an attorney-client relationship and the court did not err in allowing this testimony.

Judgment affirmed.

T. G. KAVANAGH, P. J., and McGREGOR, J., concurred.